IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DONNA JACKSON, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:20-CV-989-RP |
| TEVAS PHARMACEUTICALS USA, INC. *et al.*, | § § § § | |
| Defendants. | § § | |

**ORDER**

Before the Court is Plaintiff Donna Jackson's ("Jackson") motion to stay proceedings pending a decision by the judicial panel on the multidistrict litigation ("JPML") on Moving Plaintiff Latiesha Traylor's ("Traylor") motion to transfer and consolidate all pending related federal matters throughout the district courts for coordinated pretrial proceedings ("MDL Motion"). (Mot. Stay, Dkt. 13; MDL Motion, Dkt. 13-1). After reviewing the motion, as well as the applicable law, the Court will grant the motion to stay.

**I.   BACKGROUND**

Jackson filed the instant case on September 25, 2020, against Defendants Teva Pharmaceuticals USA, Inc., Teva Women's Health, Inc., doing business as Teva Women's Health, LLC, Teva Women's Health, LLC, The Cooper Companies, Inc., and Cooper Surgical, Inc. (collectively "Defendants"), alleging manufacturing and design defects, failure to warn, fraud, negligence, negligent misrepresentation, breach of warranty, and violation of consumer protection laws for their production, marketing and distribution of the allegedly "defective and unreasonably dangerous" ParaGard Intrauterine Device ("ParaGard IUD"). (Compl., Dkt. 1, at 11). This case is "one of at least fifty-five (55) actions currently pending across the country where plaintiffs allege injuries resulting from use of the" ParaGard IUD that "arise from the same course of conduct"

("ParaGard Actions"). (Dkt. 13, at 2). The MDL Motion seeks to have "all the ParaGard Actions [] transferred to the United States District Court for the Central District of California for consolidated pretrial proceedings, or, in the alternative, to the Northern District of Georgia, or, in the alternative, to the Western District of Missouri" to resolve nine questions to fact common to all of the ParaGard Actions (*Id.* at 3).

In her motion to stay, Jackson asks the Court to stay all pretrial proceedings in the instant case until the JPML has ruled on the MDL Motion to transfer and consolidate. (*Id.*). Defendants oppose transfer and consolidation by the JPML, and therefore, Defendants cannot consent to a stay. (*Id.*). However, Defendants did not file any response to Jackson's motion.

## II.   LEGAL STANDARD

A district court has the inherent power to stay proceedings, which is incidental to its power to control the disposition of its docket. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Landis v. N Am. Co.*, 299 U.S. 248, 254-55 (1936); *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983). "The proponent of a stay bears the burden of establishing its need." *Clinton*, 520 U.S. at 708. In determining whether a stay is proper, the district court should consider three factors: (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. *See La. Stadium & Exposition Dist. v. Fin. Guar. Ins. Co.*, Civ. A. No. 09-CV-235, 2009 WL 926982, at * 1 (E.D. La. Apr. 2, 2009). When exercising its discretion, the Court is "guided by the policies of justice and efficiency." *Boudreaux v. Metro. Life Ins. Co.*, Civ. A. No. 95-CV-138, 1995 WL 83788, at *1 (E.D. La. Feb. 24, 1995).

## III.   DISCUSSION

In support of her motion to stay, Jackson argues that a stay will (1) not unfairly prejudice Defendants; (2) relieve Jackson of the hardship of engaging in "wasted duplication of effort;" and

(3) serve the interests of judicial economy and avoid inconsistent rulings given that it is "unlikely the MDL motion [will be] denied." (Dkt 13, at 4–6). The Court agrees. Staying cases deadlines pending resolution a motion to transfer before a JPML is common among district courts in this Circuit. *See, e.g.*, *Falgoust v. Microsoft Corp.*, No. 00-0779, 2000 WL 462919 (E.D. La. Apr. 19, 2000) (stay of consideration of remand motion proper pending transfer to MDL); *Aikins v. Microsoft Corp.*, No. 0242, 2000 WL 310391 (E.D. La. Mar. 24, 2000) (pretrial proceedings, including jurisdictional issues, stayed pending transfer to MDL); *Tench v. Jackson Nat'l Life Insurance Co.*, No. 99-C-5182, 1999 WL 1044923 (N.D. Ill. Nov. 12, 1999) (stay of proceedings pending transfer to MDL, despite plaintiffs' pending motion to remand); *Boudreaux v. Metropolitan Life Ins. Co.*, No. 95-138, 1995 WL 83788 (E.D. La. Feb. 24, 1995) (consideration of remand motion stayed pending transfer to MDL Court). Given the likelihood that the JPML will grant the MDL Motion, the lack of prejudice to Defendants, the avoidance of "duplication of effort" for both parties, and the interests of judicial economy and consistency served by a stay, the Court finds that a stay pending the JPML's decision on the MDL Motion is warranted in this case.

## IV.     CONCLUSION

For these reasons, **IT IS ORDERED** that this case is **STAYED** and all pending deadlines and court settings are stayed until the JPML rules on the MDL Motion.

**IT IS FURTHER ORDERED** that the parties file a status report or transfer motion within seven (7) of the JPML's ruling on the MDL motion.

**SIGNED** on November 19, 2020.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE